## W. Shropshire et al. v. James Shaw, Banking Commissioner, et al.

No. 5920.   Decided May 16, 1932.
(49 S. W., 2d Series, 708.)

*Linebaugh & Guittard, J. W. Ragsdale,* all of Victoria, and *J. E. Shropshire,* of Brady, for appellant.

Where, upon trial, evidence showed that The Yoakum State Bank which was attempting to be incorporated in 1927, had the same name, contrary to provisions of article 376, R. S., 1925, as that of the previous The Yoakum State Bank, the charter of which had expired in 1926, such attempted incorporation failed to create a banking corporation, either *de jure* or *de facto,* and defendant Shaw had no right to close or liquidate same, and the court below erred in refusing to enjoin the further liquidation of said bank by defendants and in not appointing a receiver to take charge of same, upon application of plaintiffs who were stockholders and depositors of said bank. R. S., 1925, arts. 347, 350, 356, 358, 362, 364-369, 376; Shaw v. Kopecky, 27 S. W. (2d) 275; Roaring Springs Townsite Co. v. Paducah Tel. Co., 164 S. W., 50; Acts 40th Leg., 1927 (R. S., 369a); Texas Jur., vol. 6, p. 139, par. 2, p. 144, par. 7, p. 323, par. 175; Harrington v. First Natl. Bank of Dalhart, 125 S. W., 598; C. J., vol. 14a, p. 1169, par. 3837; Texas Jur., vol. 11, p. 136, par. 470; R. C. L., vol. 7, p. 66, par. 47.

*Spencer, Rogers, Lewis & Slatton,* of San Antonio, and *John W. Goodwin,* of Austin, for appellees.

The Banking Commissioner has authority to take charge of and close (1) insolvent banks, or where its continuance would seriously jeopardize the safety of its depositors or other creditors; (2) banks undertaking to make voluntary assignments of their assets; and (3) banks which he may determine are not entitled to conduct a banking business unless such bank goes into voluntary liquidation. Const., art. 16, sec. 16; R. S., 1925, arts. 369, 370; Harris v. Briggs, 264 Fed., 727; Austin v. Duffer, 279 S. W., 319.

A bank whose charter expires by limitation should proceed to liquidate in accordance with articles 1388-1390, R. S., 1925. Hart v. First Natl. Bank of Seminole, 24 S. W. (2d) 480; 7 C. J., par. 468, p. 722; Elson v. Wright, 134 Iowa, 634, 112 N. W., 105; Miller's Admr. v. Newberg Orrel Coal Co., 31 W. Va., 836, 8 S. E., 600.

*Procter, Vandenburger, Crain & Vandenburger,* of Victoria, *T. A. Graves,* County Attorney, and *Crain G. Hartman,* all of Cuero, for intervenor DeWitt County.

*Green & Green,* of Cuero, for intervenor City of Yoakum.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the First District has submitted a certificate containing two certified questions. In view of the conclusion we have reached with respect to the first question, the second question becomes immaterial. The first certified question reads as follows:

"When an incorporated State bank is dissolved by the expiration of the time limit of its charter, has the State Banking Commissioner, as a statutory receiver, authority to take charge of such bank for liquidation purposes, or is such authority conferred by Articles 1388 and 1389, Revised Civil Statutes of 1925, alone upon the officers named in Article 1388, in the absence of an appointment of a receiver by some court of competent jurisdiction, provided for by Article 1389?"

Addressing ourselves to the question contained in the first clause of the above certified question, relating to the authority of the state banking commissioner to take charge of a dissolved bank for liquidation purposes, the first thing that engages our attention is section 16 of article 16 of the State Constitution. The first paragraph of said section reads as follows:

"The Legislature shall by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of State supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof."

██ The manifest purpose of the last clause of the above paragraph of the Constitution is to require that the affairs of all state banking corporations, generally, be under the supervision, regulation and control of a state agency. This requirement is primarily, if not altogether, for the benefit of depositors and creditors of those institutions. In pursuance of this constitutional provision, the Legislature, in Title 16 of the Revised Statutes, has set up an elaborate system of supervision, regulation and control of the affairs of state banking corporations; which statutes, considered as a whole, in the light of said constituitonal provision, reasonably imply a purpose on the part of the Legislature to invest the banking commissioner with authority to take over for settlement, as there prescribed, the affairs of a banking corporation whose charter expires as well as of those which are closed on account of insolvency. By Ar-

ticle 369 the banking commissioner is authorized to take over for settlement the affairs of a subsisting banking corporation which becomes insolvent. Other articles of the same title prescribe the course of procedure to be followed in settling the affairs of a bank which the banking commissioner takes over for administration. This course of procedure is, in every substantial respect, susceptible of application to the settlement of the affairs of a defunct banking corporation. It is not to be doubted that, under the Constitution, the rights of depositors and creditors call as loudly for the protection of a state agency, in cases where the bank's charter expires, as in cases where the bank ceases to do business on account of insolvency. It is reasonable to presume, therefore, that the Legislature, in passing the statues which confer authority on the state banking commissioner in respect of the settlement of the affairs of a bank which ceases to do business as a going concern, intended such authority to comprehend the affairs of a bank whose charter expires. Any other conclusion would visit upon the Legislature the imputation of disregarding, in a measure, a mandatory provision of the Constitution made for the benefit of depositors and creditors. A purpose of the Legislature to satisfy constitutional requirements, in cases of this sort, is always to be presumed unless the contrary clearly appears.

■ With reference to the inquiry contained in the last clause of the certified question, we are of the opinion that Articles 1388 and 1389 of the statutes, in view of the constitutional provision which has been discussed, should not be construed as undertaking to invest the officers of a state banking corporation with exclusive authority to settle the affairs of the corporation, but that, with respect to state banks, the authority there conferred on the officers of the corporation, was meant to be subordinate to the authority of the state banking commissioner to take over the affairs of the bank, for the purpose of administration under the provisions of Title 16 of the statutes, whenever he finds it necessary to do so for the protection of the rights of depositors and creditors. Nor do we think that the Legislature meant, by these last mentioned statutes, as applied to a state banking corporation, to relieve the banking commissioner of supervisory authority in respect of the affairs of the corporation in the hands of said officers.

What we have said sufficiently indicates the answer to the certified question set out above, and we recommend that it be so answered.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.